13 CIV 6670

Sanjay Wadhwa
**Attorney for Plaintiff**
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Suite 400
New York, NY 10281-1022
(212) 336-0181

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

  -against-

KIERAN TAYLOR,

      Defendant.

---

**COMPLAINT**

**ECF CASE**

RECEIVED SEP 20 2013 U.S.D.C. S.D.N.Y. CASHIERS

  Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against defendant Kieran Taylor ("Taylor" or "Defendant"), alleges as follows:

## SUMMARY

  1.  This matter concerns insider trading by Taylor, a former employee of Akamai Technologies, Inc. ("Akamai"), who traded Akamai stock based on material nonpublic information that he obtained during his employment at Akamai and also tipped the inside information to a close friend who worked at a hedge fund advisory firm.

  2.  In July 2008, Taylor, who was then employed at Akamai, learned that Akamai was planning to announce that the company was expecting to generate less revenue in 2008 than it had previously predicted to the public.

3. In advance of the announcement of this negative news, which was scheduled to take place in conjunction with Akamai's quarterly earnings announcement on July 30, 2008, Taylor sold Akamai stock that he held in his personal brokerage account. Taylor also tipped the confidential Akamai information to his close friend Danielle Chiesi ("Chiesi"), who was then a portfolio manager at the hedge fund advisory firm New Castle Funds LLC ("New Castle").

4. Upon receiving Taylor's tip, Chiesi caused New Castle hedge funds to sell short[1] Akamai securities and passed the tip to other hedge fund managers – including Raj Rajaratnam ("Rajaratnam") of Galleon Management LP ("Galleon Management") – who also established sizable short positions in Akamai securities. After Akamai announced its disappointing revenue projections (also known as "guidance") to the public on July 30, 2008, the company's stock price dropped by approximately 25 percent. As a result of his illegal sale of Akamai stock, Taylor avoided losses of approximately $20,000. Taylor's direct and indirect hedge fund tippees generated approximately $10 million worth of ill-gotten profits as a result of their illicit trading.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

5. The Commission brings this action pursuant to the authority conferred upon it by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)] and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)]. The Commission seeks permanent injunctions against the Defendant,

---

[1] To "sell short" means to sell a security that one does not own, but rather has arranged to borrow from a third party, with the intention of purchasing (also called "covering") the security at a later date to deliver to the lender. A short seller stands to gain if the price of the security declines between the short sale and the purchase because the short seller has sold the security at a price that is greater than the purchase price.

enjoining him from engaging in the transactions, acts, practices, and courses of business alleged in this Complaint; disgorgement of ill-gotten gains, including profits and/or avoided losses, from the unlawful insider trading activity set forth in this Complaint, together with prejudgment interest; and a civil penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. In addition, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], the Commission seeks an order barring Taylor from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]. Finally, the Commission seeks any other relief the Court may deem appropriate pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)].

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

7. Venue lies in this Court pursuant to Sections 20(b) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b) and 77v(a)], and Sections 21(d), 21A, and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u-1, and 78aa]. Certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within the Southern District of New York. For example, defendant Taylor conveyed material nonpublic information to Chiesi while Chiesi was present in New York, New York. In

addition, the illegal Akamai trades that Chiesi directed on behalf of New Castle hedge funds were placed by New Castle traders working in New York, New York.

## DEFENDANT

8.  **Taylor**, age 45, resides in New York, New York. During the relevant period, Taylor was the Senior Director of Marketing for Akamai.

## RELEVANT INDIVIDUALS AND ENTITIES

9.  **Akamai** is a Delaware corporation headquartered in Cambridge, Massachusetts. Akamai provides services for facilitating the delivery of content and applications over the internet. Akamai's securities are registered with the Commission pursuant to Section 12(b) of the Exchange Act and its stock trades on the Nasdaq under the symbol "AKAM."

10. **Chiesi**, age 47, resides in New York, New York. During the relevant period, Chiesi was a consultant and portfolio manager at New Castle, which was at that time a registered investment adviser. During her employment at New Castle, Chiesi held Series 7 and 63 securities licenses.

11. **Rajaratnam**, age 56, is currently incarcerated at a federal prison facility in Ayer, Massachusetts. Rajaratnam was the founder and Managing General Partner of the registered investment adviser Galleon Management and served as the portfolio manager of several of the firm's hedge funds. At its height, Galleon Management, which is now defunct, claimed to manage assets with a total value of more than $7 billion.

12. **Steven Fortuna ("Fortuna")**, age 49, resides in Westwood, Massachusetts. During the relevant period, Fortuna was a Managing Partner of S2