USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SEP 23 2013
CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

———————————————————————————
 
SECURITIES AND EXCHANGE COMMISSION,   :
  :
            Plaintiff,   :
  :
  :
    -against-   :     13 Civ. 6670
  :
KIERAN TAYLOR,   :
  :     ECF CASE
  :
            Defendant.   :
  :
———————————————————————————

## FINAL JUDGMENT AS TO DEFENDANT KIERAN TAYLOR

The Securities and Exchange Commission ("Commission") having filed a Complaint and

Defendant Kieran Taylor ("Defendant") having entered a general appearance; consented to the

Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of

this Final Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited, for 5 years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of $20,635.00, representing profits gained and losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,190.26, and a civil penalty in the amount of $120,635.00, pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $145,460.26, to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Kieran Taylor as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant

to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post

judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

4

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____ 9/23/13

_____
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ :

SECURITIES AND EXCHANGE COMMISSION, **13 CV 6670**

Plaintiff,

-against-

KIERAN TAYLOR,

Defendant.

_____ :

:
:
:   __ Civ. ____ (__)
:
:   **ECF CASE**
:
:

## CONSENT OF DEFENDANT KIERAN TAYLOR

1.      Defendant Kieran Taylor ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)      permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];

(b)      orders Defendant to pay disgorgement in the amount of $20,635.00, plus pre-judgment interest thereon in the amount of $4,190.26;

1

    (c)    orders Defendant to pay a civil penalty in the amount of $120,635 under Section 21A of the Exchange Act [15 U.S.C. § 78u-1]; and

    (d)    prohibits the Defendant, for 5 years following the date of entry of the Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

3.    Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

2

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or

3

association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

      11.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: __8/20/13__          _____
                                KIERAN TAYLOR

On __20 Aug__, 2013, __Kieran Mark Taylor__, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Jack Cinquegrana, Esq.
Choate Hall & Stewart LLP

8.23.13


KATHLEEN CRAMER
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Comm. Expires Nov. 28, 2019

5



UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
ROOM 400
NEW YORK, NEW YORK 10281-1022

September 20, 2013

**Via Hand Delivery**

The Honorable John G. Koeltl
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

     Re:    *SEC v. Taylor,* 13 Civ. 6670 (S.D.N.Y.)

Dear Judge Koeltl:

     Plaintiff Securities and Exchange Commission (the "Commission") hereby respectfully submits a copy of a Consent and proposed Final Judgment ("Judgment") as to Defendant Kieran Taylor.[1]  We have also submitted an electronic copy of this letter and the Consent and Judgment to the Judgment Clerk of the Court, in accordance with ECF Rule 18.4.

     This action, which the Commission filed earlier today, involves allegations of insider trading by Mr. Taylor while he was an executive of the public technology company Akamai Technologies, Inc.  A courtesy copy of the Commission's complaint ("Complaint") accompanies this letter.  The Commission alleges that in July 2008, Mr. Taylor learned that Akamai was planning to announce that the company was expecting to generate less revenue in 2008 than it had previously predicted to the public.  In advance of the announcement of this negative news, which was scheduled to take place in conjunction with Akamai's quarterly earnings announcement on July 30, 2008, Mr. Taylor sold Akamai stock that he held in his personal brokerage account.  Mr. Taylor also tipped the confidential Akamai information to his close friend Danielle Chiesi, who was then a portfolio manager at the hedge fund advisory firm New

---

[1]  The Commission makes this submission to this Court because the Commission designated this case as related, under Rule 13 of the Court's Rules for the Division of Business among District Judges, to SEC v. Rajarengan Rajaratnam, 13 Civ. 1894 (JGK) (S.D.N.Y.), pending before this Court.  A disclosure of the Commission's explanation of why the cases are deemed related was included with the case opening documents in this matter, and is included with the courtesy copy of the enclosed Complaint.  We are submitting a courtesy copy of this letter by hand delivery in advance of filing by ECF in order to avoid any delay in the Court receiving the settlement documents.  Once this case has been opened on ECF, the Commission will promptly file an electronic version of this letter.

The Honorable John G. Koeltl
September 20, 2013
Page 2

Castle Funds LLC.  Upon receiving Mr. Taylor's tip, Chiesi caused New Castle hedge funds to sell short Akamai securities and passed the tip to other hedge fund managers -- including Raj Rajaratnam of Galleon Management LP  – who also increased or established sizable short positions in Akamai securities. After Akamai announced its disappointing revenue projections to the public on July 30, 2008, the company's stock price dropped by approximately 25 percent.  As a result of his illegal sale of Akamai stock, Mr. Taylor avoided losses of approximately $20,000. Mr. Taylor's direct and indirect hedge fund tippees generated approximately $10 million worth of ill-gotten profits as a result of their illicit trading.

As part of the proposed settlement that the Commission is submitting for the Court's review, Mr. Taylor has agreed to the entry of an order: (i) permanently enjoining him from violations of Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Exchange Act Rule 10b-5; (ii) ordering Mr. Taylor to pay disgorgement in the amount of $20,635, plus prejudgment interest thereon in the amount of $4,190.26 for a total of $24,825.26;[2] (iii) ordering Mr. Taylor to pay civil monetary penalties pursuant to Section 21A of the Exchange Act in the amount of $120,635; and (iv) ordering that Mr. Taylor is prohibited, for five years following the date of entry of the Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act.  Under the terms of this settlement, Mr. Taylor will neither admit nor deny the allegations in the Commission's complaint.

The disgorgement figure represents the losses that Mr. Taylor avoided by selling Akamai stock in his personal brokerage account on July 24 and 25, 2008.  The civil penalty reflects a one time penalty based on Mr. Taylor's avoided losses in his personal brokerage account and an additional $100,000 penalty for his tipping Chiesi.

The Commission respectfully requests that Your Honor enter the proposed Final Judgment with respect to Mr. Taylor, which would resolve this action.  We are available for a conference should the Court have any questions.

Respectfully submitted,

Matthew J. Watkins
Senior Counsel

Attachments

cc:     Jack Cinquegrana, Esq. (by email)
        Counsel to Kieran Taylor

---

[2]  Prejudgment interest was calculated at the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).